**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DARREL EDELMAN<br>*On behalf of himself and all others similarly situated,*<br><br>                    Plaintiff,<br><br>          v.<br><br>MARK TRUDEAU<br>STEPHEN WELCH<br>DAVID NORTON<br>BRYAN REASONS<br>JOANN REED<br>                    Defendants. | CIVIL ACTION NO. |

**COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW**

| | |
|---|---|
| DARREL EDELMAN<br>*On behalf of himself and all others similarly situated,*<br><br>                    Plaintiff,<br><br>          v.<br><br>MARK TRUDEAU<br>STEPHEN WELCH<br>DAVID NORTON<br>BRYAN REASONS<br>JOANN REED<br>                    Defendants. | No.: C-48-CV-2023-1378<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

<u>**NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1332, 1334, 1441, 1446, 1452, and 1453 and Federal Rule of Bankruptcy Procedure 9027, Defendants Mark Trudeau and JoAnn Reed (collectively, "<u>Defendants</u>") give notice of their removal of the putative class action filed as Case No. C-48-CV-2023-1378 in the Court of Common Pleas of Northampton County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

1

## FACTUAL BACKGROUND

### A.  The Related Bankruptcy Proceedings

1.     On October 12, 2020, Mallinckrodt plc and its Affiliates (collectively, "Mallinckrodt" or the "Reorganized Debtors")[1], filed voluntary Chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), jointly administered as *In re Mallinckrodt plc, et al.*, No. 20-12522 (JLD) (Bankr. D. Del.) (the "Chapter 11 Cases").  The case was assigned to U.S. Bankruptcy Judge John T. Dorsey.[2]

2.     By Order dated February 3, 2022 [Dkt. No. 6347], revised on February 8, 2022 [Dkt. No. 6378] (the "Confirmation Order"), the Bankruptcy Court confirmed, with one exception, the *Debtors' Fourth Amended Joint Plan of Reorganization* [Dkt. No. 6067].  On June 8, 2022, the Bankruptcy Court approved the *Debtors' Modified Fourth Amended Joint Plan of Reorganization* dated June 6, 2022 (the "Plan") [Dkt. No. 7670].  *See* Dkt. No. 7602.  The Effective Date of the Plan was on June 16, 2022 (the "Effective Date").  *See* Dkt. No. 7652.

3.     Article IX of the Plan incorporates settlements of some of the Reorganized Debtors' largest prepetition claims, including settlement with opioid litigation plaintiffs.  *See* Plan, Art. IX.A.  It also provides for several releases, exculpations, and injunctions, including the following:

- Debtor Releases.  The Debtors release all claims they held against the Debtors' directors and officers, except for claims of gross negligence, actual fraud, or willful misconduct.  *See* Plan, Art. IX. B; Art. I.A. ¶ 366.
- Third-Party Releases.  All claimants who did not opt out of the Plan release their claims against the Debtors' directors and officers, except for claims of gross negligence, actual fraud, or willful misconduct.  *See* Plan, Art. IX. C; Art. I.A. ¶¶ 265, 366.
- Exculpation.  The Debtors' officers and directors are released from any liability for any actions taken during the course of the Chapter 11 Cases (*i.e.*, from October 12,

---

[1] This Notice of Removal refers to Mallinckrodt as the "Debtors" when referencing items that occurred during the Chapter 11 Cases.

[2] Unless otherwise specified, all docket citations refers to filings in *In re Mallinckrodt plc, et al.*, No. 20-12522 (JTD) (Bankr. D. Del.).

2020 through June 16, 2022), except for claims of gross negligence, actual fraud, or willful misconduct. *See* Plan, Art. IX. F; Art. I.A. ¶¶ 122, 372.

- <u>Injunction</u>.  All claimants are permanently enjoined from pursuing claims that have been exculpated or released.  *See* Plan, Art. IX. G.

4.     In addition, the Bankruptcy Court made multiple findings relevant to this case, including but not limited to:  (i) settlements of the prepetition lawsuits were "reasonable and an appropriate exercise of Debtors' business judgment," Confirmation Order at 22 n. 63; (ii) "the Debtors were fundamentally fair in dealing with creditors," *id.* at 59; and (iii) the Debtors were "hopelessly insolvent" when they entered Chapter 11, *see* Dec. 22, 2020 Hr'g Tr. at 54:17, 55:12 [Dkt. No. 940].

5.     Lastly, under the Plan, the Bankruptcy Court expressly retains jurisdiction to "hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan or the Confirmation Order," Plan*,* Art. X. U; as well as "disputes arising in connection with the interpretation, implementation, or enforcement of the releases, injunctions, and exculpations provided under Article IX of the Plan," *id.*, Art. X. X.

6.     To date, the Delaware District Court has presided over a total of 26 appeals from decisions of the Delaware Bankruptcy Court both during and after the Chapter 11 Cases.[3] Nine

---

[3] These cases include *In re Mallinckrodt plc,* No. 20-mc-404 (D. Del.) (denying leave to appeal); *In re Mallinckrodt plc,* No. 20-mc-408 (D. Del.) (denying leave to appeal); *In re Mallinckrodt plc,* No. 21-cv-167 (D. Del.) (affirming Bankruptcy Court decision); *In re Mallinckrodt plc,* No. 21-cv-268 (D. Del.) (affirming Bankruptcy Court decision); *In re Mallinckrodt plc,* No. 21-cv-398 (D. Del.) (affirming Bankruptcy Court decision); *In re Mallinckrodt plc,* No. 21-cv-1303 (D. Del.) (closing case based on stipulation of dismissal); *In re Mallinckrodt plc,* No. 21-cv-1746 (D. Del.) (dismissing case based on parties' agreement); *In re Mallinckrodt plc,* No. 21-cv-1271 (D. Del.) (active case brought by Plaintiff); *In re Mallinckrodt plc,* No. 21-cv-1093 (D. Del.) (affirming Bankruptcy Court decision); *In re Mallinckrodt plc,* No. 21-cv-1150 (D. Del.) (approving parties' stipulation to dismissal); *In re Mallinckrodt plc,* No. 21-cv-1155 (D. Del.) (so-ordering notice of voluntary dismissal); *In re Mallinckrodt plc,* No. 21-cv-1161 (D. Del.) (closing case based on parties' stipulation to dismissal); *In re Mallinckrodt plc,* No. 21-cv-1636 (D. Del.) (affirming Bankruptcy Court decision), *on appeal*, No. 23-cv-1111 (3d Cir.); *In re Mallinckrodt plc,* No. 21-cv-1756 (D. Del.) (so-ordering parties' stipulation of dismissal);  *In re Mallinckrodt plc,* No. 21-

appeals remain pending before the Delaware District Court.  Of the remaining 17 appeals that have been disposed, the Delaware District Court affirmed Bankruptcy Court decisions five times[4]; denied leave to appeal twice; and approved or so-ordered the parties' voluntary dismissals ten times.

7.       Of particular relevance here, Plaintiff has two active appeals pending before Judge Thomas L. Ambro of the Third Circuit, who is sitting by designation in the District of Delaware. In the first appeal, Plaintiff challenged the Delaware Bankruptcy Court's order denying the motion to establish bar date for opioid claimants.  *See In re Mallinckrodt plc*, No. 1:21-cv-1271 (D. Del.), Dkt. No. 13.  In the second appeal, Plaintiff appealed the Confirmation Order, making many of the same arguments that he is making here, including that (i) the Plan was not filed in good faith; (ii) the opioid litigation was not enterprise-threatening; and (iii) the opioid settlement should not have been approved.  *In re Mallinckrodt plc,* Case No. 1:22-cv-222 (D. Del.), Dkt. No. 15.  The oral argument in both cases has been scheduled for May 23, 2023.  *See In re Mallinckrodt plc*, No. 1:21-cv-1271 (D. Del.), 04/10/2023 Docket Entry; *In re Mallinckrodt plc,* Case No. 1:22-cv-222 (D. Del.), 04/10/2023 Docket Entry.

---

cv-1780 (D. Del.) (so-ordering stipulation of dismissal); *In re Mallinckrodt plc,* No. 22-cv-215 (D. Del.) (approving stipulation of dismissal); *In re Mallinckrodt plc,* No. 22-cv-216 (D. Del.) (active case); *In re Mallinckrodt plc,* No. 22-cv-333 (D. Del.) (so-ordering stipulation of dismissal); *In re Mallinckrodt plc*, No. 22-cv-222 (D. Del.) (active case brought by Plaintiff); *In re Mallinckrodt plc*, No. 22-cv-321 (D. Del.) (so-ordering parties' stipulation of dismissal); *In re Mallinckrodt plc*, No. 22-cv-328 (D. Del.) (so-ordering parties' stipulation of dismissal); *In re Mallinckrodt plc*, No. 22-cv-330 (D. Del.) (active case); *In re Mallinckrodt plc*, No. 22-cv-331 (D. Del.) (active case); *In re Mallinckrodt plc*, No. 22-cv-337 (D. Del.) (active case); *Ecke v. Mallinckrodt plc*, No. 23-cv-76 (D. Del.) (active case); *Bass v. Mallinckrodt plc*, No. 23-cv-143 (D. Del.) (active case).

[4] One such case is currently on appeal to the Third Circuit.  *See Sanofi-Aventis U.S. LLC v. Mallinckrodt PLC*, No. 20-12522-JTD, 2022 WL 17839904, at *5 (D. Del. Dec. 20, 2022) (affirming Bankruptcy Court order), *on appeal*, No. 23-cv-1111 (3d Cir. 2023).

B.      **Plaintiff's Allegations**

8.      On or about March 6, 2023, Plaintiff Darrel Edelman ("Plaintiff") filed a class action complaint (the "Complaint") against Defendants in the Court of Common Pleas of Northampton County, Pennsylvania, captioned *Edelman v. Trudeau et al.*, Case No. C-48-CV-2023-1378 (the "State Court Action").  True and correct copies of the state court docket sheet and the Complaint are attached hereto as Exhibits 1 and 2, respectively.  Plaintiff alleges that he held 11,496 shares of Mallinckrodt common stock before Mallinckrodt entered the Chapter 11 Cases. Ex. 2 ¶ 10.

9.      Defendants are alleged current or former officers or directors of Mallinckrodt.  Ex. 2 ¶¶ 13-27.  Plaintiff served Defendant Trudeau with copies of the Complaint on or about March 13, 2023.  Defendant Reed was served on or about March 19, 2023.  Defendants Bryan Reasons, Stephen Welch, and David Norton (the "Unserved Defendants") have not been served as of the date of this Notice of Removal.

10.     Plaintiff states that he resides in "Kamloops, B.C. Canada."  Ex. 2 ¶ 9.

11.     Plaintiff alleges that Defendant Trudeau resides in Pennsylvania.  *Id.* ¶ 13.  Plaintiff also alleges that Defendants Welch, Reasons, Norton, and Reed reside in New Jersey. *Id.* ¶¶ 17, 20, 23, 26.

12.     Plaintiff brings a putative class action on behalf of "all former shareholders in Mallinckrodt who opted out of the bankruptcy releases and lost all value of their ownership interests in Mallinckrodt through the Mallinckrodt bankruptcy."  *Id.* ¶ 58.  The proposed class includes former shareholders "in Pennsylvania and throughout the world."  *Id.*  As pled, Plaintiff's proposed class contains no temporal or geographic limitations.  *Id.*

13.     Plaintiff alleges that the "Proposed Class consists of at least hundreds, and potentially thousands, of shareholders."  *Id.* ¶ 60.  He also alleges that "[t]he actual number of

shareholders affected by the Defendants' course of conduct will be ascertained by discovery but exceeds 100 members." *Id.* ¶ 37(a).

14.     Plaintiff asserts seven causes of action: (i) "breach of fiduciary duty"; (ii) "aiding and abetting"; (iii) "unjust enrichment"; (iv) "violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Laws"; (v)-(vi) "negligence and negligent misrepresentation"; and (vii) "conspiracy to defraud/concerted action." *Id.* ¶¶ 71-125.

15.     Plaintiff alleges that he "suffered a 100% uncompensated loss of the entirety of his ownership in Mallinckrodt, valued at a minimum of $184,871.36." *Id.* ¶ 11.  Plaintiff also alleges that "members of the putative Class all suffered similar harm through their ownership interests in Mallinckrodt in amounts to be determined." *Id.*

16.     Plaintiff seeks the following relief from Defendants, among others:  (i) "actual damages"; (ii) "pre-judgment and post-judgment interest at the maximum rate allowed by law"; (iii) "punitive damages"; (iv) "the costs of this action, including reasonable attorneys' fees, and where applicable, expert fees." *See id.* at 32-33, Prayer for Relief.

## REMOVAL AND JURISDICTION

17.     Removal to this Court is appropriate pursuant to 28 U.S.C. §§ 118, 1391, 1441(a), 1446(a), 1452, and 1453 because the Court of Common Pleas for Northampton County, Pennsylvania is a state court within the Eastern District of Pennsylvania.

18.     This Court has subject matter jurisdiction pursuant to (i) 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship between the only named parties—Plaintiff and Defendants—and the alleged amount in controversy of Plaintiff's individual claims exceed the $75,000 jurisdictional threshold; (ii) the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the purported class has more than 100 members, the parties are minimally

diverse, and the amount in controversy exceeds $5,000,000 in the aggregate; and (iii) 28 U.S.C.

§§ 1334(b) and 1452(a), because the State Court Action is "related to" the Chapter 11 Cases.

## GROUNDS FOR REMOVAL

I. **REMOVAL IS APPROPRIATE UNDER 28 U.S.C. § 1441 BASED ON TRADITIONAL DIVERSITY JURISDICTION**

19.      "The District courts shall have original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of a

State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "[A]ny civil action

brought in a State court of which the district courts of the United States have original jurisdiction,

may be removed by the defendant[s] . . . to the district court of the United States for the district

and division embracing the place where such action is pending." 28 U.S.C. § 1441. This case

may be removed under this Court's diversity jurisdiction because (A) there is complete diversity

of citizenship between the parties, and (B) the amount in controversy exceeds $75,000.

### A.      There Is Complete Diversity Between Plaintiff And Defendants

20.      For natural persons, "[c]itizenship is synonymous with domicile." *McCann v.*

*Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). Plaintiff is domiciled in Canada;

therefore, he is a Canadian citizen for purposes of diversity jurisdiction. Ex. 2 ¶ 9.

21.      By contrast, Defendants (including Unserved Defendants) are all alleged to be

"citizens of a State." *Id.* ¶¶ 13, 17, 20, 24, 26.

22.      Thus, complete diversity of citizenship exists between Plaintiff and Defendants

under 28 U.S.C § 1332(a)(2).

### B.      The Amount In Controversy Exceeds $75,000

23.      "[T]he amount in controversy is determined as of the date of removal; that is, a

plaintiff may not subsequently amend a complaint so as to defeat federal jurisdiction." *Wilson v.*

*Hartford Cas. Co.*, 492 F. Supp. 3d 417, 423 (E.D. Pa. 2020), *aff'd sub nom. Wilson v. USI Ins.*

*Serv. LLC*, 57 F.4th 131 (3d Cir. 2023).

24.     Defendants deny any and all liability and contend that Plaintiff's allegations are

entirely without merit.  For purposes of this Notice of Removal, however, Plaintiff's factual and

legal allegations in the State Court Action on their face meet the amount in controversy

requirement.  In the Complaint, Plaintiff alleges that he suffered a "minimum of $184,871.36"

from the alleged loss of his entire ownership interest in Mallinckrodt.  Ex. 2 ¶ 11.  Plaintiff may

also pursue treble damages under the Pennsylvania Unfair Trade Practices and Consumer

Protection Laws (Count IV).  73 Pa. Stat. Ann. § 201-9.2(a) ("the court may, in its discretion,

award up to three times the actual damages sustained.").  Thus, Plaintiff's claim alone places

$554,614.08 in controversy.  Therefore, the $75,000 threshold is met.

## II.     REMOVAL IS APPROPRIATE UNDER THE CLASS ACTION FAIRNESS ACT

25.     Under CAFA, federal courts have original jurisdiction over a putative class action

if:  (i) the class has more than 100 members; (ii) the parties are minimally diverse, meaning that

"any member of a class of plaintiffs is a . . . citizen or subject of a foreign state and any defendant

is a citizen of a State"; and (iii) the amount in controversy exceeds $5,000,000 in the aggregate.

*See* 28 U.S.C. § 1332(d)(1), (d)(2)(B), (d)(5)(B); § 1441(a); § 1453; *see also Neale v. Volvo Cars*

*of N. Am., LLC*, 794 F.3d 353, 357 n. 1 (3d Cir. 2015) (recognizing the three elements of CAFA

subject matter jurisdiction).  The Supreme Court has explained that CAFA's provisions are to be

read broadly and that "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee*

*Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  A notice of removal is sufficient

if it makes a plausible allegation that the requirements of CAFA are satisfied.  *Id*.  Each of the

CAFA requirements is present here.

### A.      The Proposed Class Has More Than 100 Members

26.      Plaintiff alleges that the proposed class includes "all former shareholders in Mallinckrodt"—"in Pennsylvania and throughout the world"—"who opted out of the bankruptcy releases and lost all value of their ownership interests in Mallinckrodt through the Mallinckrodt bankruptcy." Ex. 2 ¶ 58.  According to the Complaint, which is based on Plaintiff's knowledge and investigation of counsel (Ex. 2, Introductory Paragraph), the proposed class "consists of at least hundreds, and potentially thousands, of shareholders." *Id.* ¶ 60; *see also id.* ¶ 37 ("The actual number of shareholders . . . exceeds 100 members.").

27.      Based on Plaintiff's class size estimate, the proposed class satisfies the minimal requirement of 100 putative members.  *See Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 483 (E.D. Pa. 2016) (finding 100 class members requirement satisfied when "the Complaint alleges that there are 'thousands if not millions of members'").

### B.      Minimal Diversity Is Present Here

28.      CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a . . . citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. §§ 1332(d)(2)(B).

29.      As described above, *supra* ¶ 20, Plaintiff, who seeks to represent a worldwide proposed class, is a Canadian citizen for diversity jurisdiction purposes, and all Defendants are alleged citizens "of a State." *Compare* Ex. 2 ¶ 9 *with id.* ¶¶ 13, 17, 20, 23, 26; 28 U.S.C. §1332(d). Thus, there is minimal diversity, as required for CAFA—*i.e.*, at least one "member of a class of plaintiffs is a . . . citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332(d)(2)(B).

### C.      The Amount In Controversy Exceeds $5 Million In the Aggregate

30.      CAFA provides that "[i]n any class action, the claims of the individual class

members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). The amount in controversy is determined "on the basis of the record as it stands at the time the petition for removal is filed." *Kotsur v. Goodman Glob., Inc.*, 2014 WL 6388432, at *3 (E.D. Pa. Nov. 17, 2014) (quoting *Westmoreland Hospital Association. v. Blue Cross of Western Pennsylvania*, 605 F.2d 119, 123 (3d Cir.1979)).

31.      Here, Plaintiff seeks, among other relief: (i) "actual damages incurred by Plaintiff and the members of the Class," along with "pre-judgment and post-judgment interest at the maximum rate allowed by law"; (ii) "punitive damages"; and (iii) "costs of this action, including reasonable attorneys' fees and where applicable, expert fees." Ex. 2 at 32-33, Prayer for Relief.

32.      Again, Defendants deny any and all liability, contend that Plaintiff's allegations are entirely without merit, and do not concede that Plaintiff may pursue any particular class of damages. For purposes of this Notice of Removal, however, Plaintiff's factual and legal allegations in the State Court Action on their face meet CAFA's "amount in controversy" requirement. *See Frederico v. Home Depot*, 507 F.3d 188, 197-99 (3d Cir. 2007) (affirming federal court jurisdiction when "it does not appear to a *legal certainty* that [plaintiff] cannot recover the jurisdictional amount" based on calculations from the complaint and notice of removal).

33.      **Actual Monetary Damages**: Although Plaintiff does not attempt to quantify the class-wide amount of "actual damages" arising from Defendants' alleged "wrongful acts," he claims that he personally "suffered a 100% uncompensated loss of the entirety of his ownership in Mallinckrodt, valued at a minimum of $184,871.36," and that "[t]he members of the putative Class all suffered similar harm through their ownership interests in Mallinckrodt." Ex. 2 ¶ 11.

34.      Based on Plaintiff's assertion that his claims arising from his loss of Mallinckrodt

shares are "typical" of the claims of the class, the class need only have collectively paid $5,000,000 for Mallinckrodt stock to satisfy CAFA's amount in controversy requirement.  Since the class constitutes all purchasers of Mallinckrodt stock who opted out of the bankruptcy releases, and Plaintiff alleges that it numbers in the hundreds or thousands, Ex. 2 ¶ 60, this case easily places $5 million in controversy in aggregate.  *Id.* ¶ 37(a).  In fact, Plaintiff alleges that "[u]pon information and belief, the members of the putative Class suffered their own significant losses in the millions of dollars." *Id.* ¶ 43.

35.     Therefore, Plaintiff's alleged actual damages alone satisfy the amount in controversy requirement.

36.     **<u>Additional Requests for Relief</u>**:  Plaintiff also seeks "pre-judgment and post-judgment interest at the maximum rate allowed by law," "punitive damages," and attorneys' fees and court costs.  *See* Ex. 2 at 32-33, Prayer for Relief.  "[G]iven Plaintiff's allegations of intentional fraud," *see, e.g.*, *id.* ¶¶ 73, 80, 120, 124, "it is reasonable to consider punitive damages in calculating the amount in controversy."  *Callery v. HOP Energy, LLC*, 2022 WL 3213828, at *4 (E.D. Pa. Aug. 9, 2022).  Similarly, under the Pennsylvania Unfair Trade Practices And Consumer Protection Laws, courts have the discretion to grant reasonable attorneys' fees and court costs.  *See* Ex. 2 ¶¶ 94-98; 73 Pa. Stat. Ann. § 201-9.2(a) ("The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."); *Frederico*, 507 F.3d at 199 (noting attorneys' fees "could be as much as thirty percent of the judgment").  Adding these additional requests sought by Plaintiff would only increase the amount in controversy.

## III.     REMOVAL IS APPROPRIATE UNDER "RELATED TO" JURISDICTION

37.     The federal statutes relevant to removal in the bankruptcy context are 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334(b).  Pursuant to 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil

action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  In turn, 28 U.S.C. § 1334(b) confers jurisdiction upon this Court of all civil proceedings that (i) arise in a chapter 11 case; (ii) arise under the Bankruptcy Code (title 11); or (iii) are related to cases under the Bankruptcy Code.  *See* 28 U.S.C. § 1334(b).

38.     At the post-confirmation stage, "related to" jurisdiction exists where "there is a close nexus to the bankruptcy plan or proceeding."  *In re Shenango Grp. Inc.*, 501 F.3d 338, 343 (3d Cir. 2007) (citing *In re Resorts Int'l, Inc.*, 372 F.3d 154, 166-67 (3d Cir. 2004)).  "Matters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus."  *Shenango*, 501 F.3d at 343.

39.     Here, this Court has "related to" jurisdiction for at least two independent reasons.  *First*, in light of the release and exculpation provisions in the Plan, the viability of Plaintiff's claims turns directly on the interpretation of the Plan, which provides a sufficiently close nexus to justify related-to jurisdiction over this post-confirmation dispute.  *See Shenango*, 501 F.3d at 343-44 (finding a "close nexus" where resolution of the matter required the court to interpret the plan's provision relating to the debtor's obligation to fund pension benefit increases).  *Second*, the viability of Plaintiffs' claims also turns on whether any of the elements of those claims are foreclosed by claim or issue preclusion arising from rulings of the Bankruptcy Court.  *See In re Essar Steel Minnesota, LLC*, 47 F.4th 193, 199-200 (3d Cir. 2022) ("The Bankruptcy Court here also had subject matter jurisdiction to redress a possible contempt of its plan and confirmation order.").

A.     **The State Court Action Directly Implicates Interpretation of the Plan**

40.     Pursuant to the Plan, the Bankruptcy Court has post-confirmation jurisdiction over matters affecting the interpretation, implementation, and administration of the Plan.  *See* Plan, Art. X.F. (Bankruptcy Court retains jurisdiction to "adjudicate, decide, or resolve any and all matters

related to [Mallinckrodt's] Causes of Action.").  The Bankruptcy Court also retains jurisdiction to "hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the releases, injunctions, and exculpations provided under Article IX of the Plan." *Id.*, Art. X.X.

41.    Here, the Defendants' defenses will require interpretation of multiple Plan provisions.  To the extent Plaintiff asserts any derivative claims that belong to the Debtors or Reorganized Debtors—for example, breach of fiduciary duty (Count 1)—such claims require adjudicating whether they are released under the "Releases by the Debtors" provision in the Plan, in which Mallinckrodt released all "Claims" or "Causes of Action" against the Debtors' and Reorganized Debtors' officers and directors.  *See, e.g.*, Ex. 2 ¶¶ 71-93, 99-111, 119-25; Plan, Art. IX. B; Art. I.A. ¶ 366.  The Plan also enjoins all persons from bringing such claims.  Plan, Art. IX. G.

42.    To the extent Plaintiff asserts any direct claims arising after the Debtors entered Chapter 11, these claims would require adjudicating whether they are subject to the Plan's Exculpation provision, which releases most "Claims" based on any actions taken by Defendants during the Chapter 11 Cases (*i.e.*, from October 12, 2020 through June 16, 2022).  *See, e.g.,* Ex. 2 ¶ 53 (alleging conduct "[b]oth prior to *and throughout the Bankruptcy*") (emphasis added); Plan, Art. IX. F; Art. I.A. ¶¶ 122, 372.

43.    Regardless of the merits (or lack thereof) of Plaintiff's claims, the resolution of this Action thus necessarily will require the determination of what is a "Claim[]" or "Cause[] of Action," whether Defendants are "Released Part[ies]," *see* Plan Art. I.A. ¶¶ 68, 71, 366, and the scope of the Plan's releases, injunctions, and exculpation provisions.  And the Plan makes clear that Bankruptcy Court has *exclusive* and broad jurisdiction over those questions.  *See* Plan, Art.

X.K.

44.     Because any resolution of this Action requires interpreting the Plan, there is a sufficiently close nexus with the bankruptcy for this Court to exercise "related to" jurisdiction. *See, e.g.*, *Essar*, 47 F.4th at 199-200 (Bankruptcy Court has post-confirmation jurisdiction "to interpret the discharge injunction order in its own plan and confirmation order"); *Dearden v. FCA US LLC*, 2017 WL 1190980, at *4 (E.D. Pa. Mar. 31, 2017) (finding jurisdiction because defendant's assertion that "[plaintiff's] punitive damages request is barred by the bankruptcy court's orders necessarily requires interpretation of the Sale Order"); *In re Lower Bucks Hosp.*, 488 B.R. 303, 316 (E.D. Pa. 2013), *aff'd*, 571 F. App'x 139 (3d Cir. 2014) ("[T]he Bankruptcy Court had 'related to' subject matter jurisdiction to rule on the third party release provision."); *see also In re Grossman's Inc.*, 607 F.3d 114, 127 (3d Cir. 2010) ("Whether a particular claim has been discharged by a plan of reorganization depends on factors applicable to the particular case and is best determined by the appropriate bankruptcy court or the district court.").

    **B.     Claim and Issue Preclusion Implicates Interpretation of the Bankruptcy Court's Order**

45.     "Related to" jurisdiction also exists because certain key assertions underlying the various counts in the Complaint may be precluded by, and thus require interpretation of, the Delaware Bankruptcy Court's prior orders.  *See Essar*, 47 F.4th at 199-200 ("The Bankruptcy Court here also had subject matter jurisdiction to redress a possible contempt of its plan and confirmation order."); *see also U.S. Vision, Inc. v. AS IP Holdings, Inc.*, 2012 WL 243358, at *5 (D.N.J. Jan. 25, 2012) ("Delaware Bankruptcy Court would [] have jurisdiction to determine whether the rights and obligations conferred through the approved plan would preclude the instant suit.").

46.     Here, Plaintiff's claims are based in part on (1) a change in compensation to non-

employee members of Mallinckrodt's board of directors, *see* Ex. 2 ¶¶ 45-51; (2) the allegation that Mallinckrodt was not actually "hopelessly insolvent" when it filed the Chapter 11 Cases, *see id.* ¶ 2(d); or (3) that the Chapter 11 process and settlement with opioid litigants were pursued in bad faith or to the detriment of the Debtors, *see id.* ¶¶ 2(e)-(g), 42-44, 52-56.  But Plaintiff's allegations regarding the board's compensation structure and Mallinckrodt's insolvency were fully litigated and rejected in the Chapter 11 Cases through a motion to appoint a committee of equityholders, a motion for which Mr. Edelman submitted a letter in support.  *See* Dkt. No. 839;  Dec. 22, 2020 Hr'g Tr. at 54:17, 55:12 (Dkt. No. 940).  So too, the fairness and good faith of filing the Chapter 11 Cases and of the settlement with opioid litigants was litigated by Plaintiff at confirmation.  *See* Confirmation Order at 58-59, 95.  Indeed, Plaintiff is currently appealing the Delaware Bankruptcy Court's Confirmation Order, raising, among other things, the very issues he raises here—including whether the Debtors were "hopelessly insolvent" when they initiated the Chapter 11 Cases, whether they did so in bad faith, and whether they fairly and in good faith entered the settlement with opioid litigants.  *See In re Mallinckrodt plc*, No. 1:22-cv-222 (D. Del), Dkt. No. 15 at 9-14, 19-42.  The Bankruptcy Court (and by extension the Delaware District Court, which presides over Plaintiff's appeals) expressly retains jurisdiction to "to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of" the Confirmation Order.  Dkt. No. 7602 at 3.

## ADDITIONAL REQUIREMENTS

47.    The Complaint was served on Defendant Trudeau or about March 13, 2023, and on Defendant Reed on or about March 19, 2023.  This Notice of Removal is being filed April 12, 2023, and is therefore timely under 28 U.S.C. §1446(b)(1) and Federal Rule of Bankruptcy Procedure 9027(a)(3).  *See Washington v. LM Gen. Ins. Co.*, 598 F. Supp. 3d 280, 287 (E.D. Pa.

2022) (30-day window for removal begins only when defendant is properly served).[5]

48.     Pursuant to 28 U.S.C. § 1446(a) and Federal Rule of Bankruptcy Procedure 9027(a)(1), this Notice of Removal is being filed with the clerk for the district and division within which the State Court Action is located.

49.     Pursuant to 28 U.S.C. § 1446(a) and Federal Rule of Bankruptcy Procedure 9027(a)(1), this Notice of Removal is signed pursuant to Federal Rule of Bankruptcy Procedure 9011 and contains a short and plain statement of the facts that entitle Defendants to remove.

50.     Pursuant to 28 U.S.C. § 1446(d) and Federal Rule of Bankruptcy Procedure 9027(a)(1), a copy of the State Court Action docket is attached hereto as Exhibit 1, and a copy of all process, pleadings, and orders served on Defendants or filed in in the State Court Action is attached hereto at Exhibits 2-5.

51.     Pursuant to 28 U.S.C. § 1446(d) and Federal Rule of Bankruptcy Procedure 9027(b), Defendants will promptly serve a copy of this filed Notice of Removal on all parties to the action.

52.     Pursuant to 28 U.S.C. § 1446(d) and Federal Bankruptcy Rule of Procedure 9027(c), Defendants will promptly file a copy of this Notice of Removal with the Court of Common Pleas for Northampton County, Pennsylvania.

53.     Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), Mallinckrodt consents to entry of final orders or judgments by the Bankruptcy Court.

---

[5] Pursuant to 1446(b)(2), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  The Defendants are not required to obtain the consent of the Unserved Defendants before filing this Notice of Removal.  *See Aetna Inc. v. Insys Therapeutics, Inc.*, 284 F. Supp. 3d 582, 586–87 (E.D. Pa. 2018) ("[B]ecause Insys obtained the consent of all parties who were properly served prior to filing its Notice of Removal, Plaintiffs' motion to remand for failure to comply with the consent requirement will be denied.").

54.     Defendants reserve the right to amend or supplement this Notice of Removal. Defendants further reserve all rights and defenses, including those available under the Federal Rules of Civil Procedure.  By filing this Notice of Removal, Defendants do not consent to personal jurisdiction in Pennsylvania or venue in the Eastern District of Pennsylvania and reserve the right to challenge personal jurisdiction or venue  for this Action.

WHEREFORE, Defendants hereby remove this action from the Court of Common Pleas for Northampton County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.  Defendants further request such other relief as the Court deems appropriate.

Dated: April 12, 2023
       Philadelphia, PA

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
    LEE C. DURIVAGE
    Attorney ID No. 205928
    2000 Market Street, Suite 2300
    Philadelphia, PA  19103
    Tel:    (215) 575-2584
    Fax:    (215) 575-0856
    E-mail: lcdurivage@mdwcg.com

**LATHAM & WATKINS LLP**

By: /s/ Christopher R. Harris
    Christopher R. Harris (*pro hac vice forthcoming*)
    Justin S. Kirschner (*pro hac vice forthcoming*)
    Chengliang (Larry) Hong (*pro hac vice forthcoming*)
    1271 Avenue of the Americas
    New York, NY 10020
    Tel:    (212) 906-1200
    Fax:    (212) 751-4864
    Email: christopher.harris@lw.com
           justin.kirschner@lw.com
           larry.hong@lw.com

    Jason B. Gott (*pro hac vice forthcoming*)
    330 North Wabash Avenue,
    Suite 2800
    Chicago, Illinois 60611
    Tel:    (312) 876-7700
    Fax:    (312) 993-9767
    Email: jason.gott@lw.com

*Counsel for Defendants Mark Trudeau and JoAnn Reed*