# EXHIBIT 2

Donald E. Haviland, Jr., Esquire (PA I.D. No. 66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. No. 83585)
*platt@havilandhughes.com*
**HAVILAND HUGHES**
124 S. Maple Avenue – Suite 220
Ambler, PA 19002
Phone: (215) 609-4661

## COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

**DARREL EDELMAN**

2155 Westerdale Court
Kamloops, B. C. Canada
V1S 1R7
*On behalf of himself and*
*all others similarly situated,*

                       Plaintiff,

      v.

**MARK TRUDEAU**

601 Paxinosa Road East
Easton, Pennsylvania, 18040

**STEPHEN WELCH**

15 Sunnybrook Rd.
Basking Ridge, New Jersey 07920

**DAVID NORTON**

8 Greenholm St., Apt. C
Princeton, New Jersey 08540

**BRYAN REASONS**

2 Linden Lane
Chatham, New Jersey 07928

**JOANN REED**

205 Tuttle Ave
Spring Lake, New Jersey 07762,

                       Defendants.

No.:   **C-48-CV-2023-1378**

## CLASS ACTION COMPLAINT

## JURY TRIAL DEMANDED



2023 MAR -6 P 12: 44
COURT OF COMMON PLEAS
CIVIL DIVISION
NORTHAMPTON COUNTY, PA
FILED

1

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
### NORTHAMPTON County

| For Prothonotary Use Only: |
| --- |
| Docket No: |
| **C-48-CV-2023-** |

*TIME STAMP* **1378**

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: <br> Darrel Edelman | Lead Defendant's Name: <br> Mark Trudeau |
| --- | --- |

**Are money damages requested?** ☒ Yes  ☐ No

Dollar Amount Requested: (check one)   ☐ within arbitration limits   ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☒ Yes  ☐ No

**Is this an *MDJ Appeal*?** ☐ Yes  ☐ No

Name of Plaintiff/Appellant's Attorney: Donald E Haviland, Jr. & William H. Platt II--Haviland Hughes

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☒ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*



☒ SHERIFF TO SERVE 1 - 3/6

152.25
@

☐ FILE ONLY

Donald E. Haviland, Jr., Esquire (PA I.D. No. 66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. No. 83585)
*platt@havilandhughes.com*
**HAVILAND HUGHES**
124 South Maple Avenue - Suite 220
Ambler, PA 19002
Phone: (215) 609-4661

### COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

| | |
|---|---|
| **DARREL EDELMAN**<br>2155 Wester dale Court<br>Kamloops, B. C. Canada<br>V1S 1R7<br>*On behalf of himself and*<br>*all others similarly situated,*<br>Plaintiff,<br><br>v.<br><br>**MARK TRUDEAU**<br>601 Paxinosa Road East<br>Easton, Pennsylvania, 18040<br><br>**STEPHEN WELCH**<br>15 Sunnybrook Rd.<br>Basking Ridge, New Jersey 07920<br><br>**DAVID NORTON**<br>8 Greenholm St., Apt. C<br>Princeton, New Jersey 08540<br><br>**BRYAN REASONS**<br>2 Linden Lane<br>Chatham, New Jersey 07928<br><br>**JOANN REED**<br>205 Tuttle Ave<br>Spring Lake, New Jersey 07762,<br>Defendants. | No.:   **C-48-CV-2023-**      **001378**<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u><br><br> |

1

## NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so they case may proceed without you and a judgment may be entered against you by the court without further notice for money claimed in the complaint or for any other claim or relief requested by the plaintiffs.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Northampton County Lawyer Referral Service**
**PO Box 4733**
**Easton, PA 18042**
**Telephone (610) 258-6333**

Donald E. Haviland, Jr., Esquire (PA I.D. No. 66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. No. 83585)
*platt@havilandhughes.com*
**HAVILAND HUGHES**
124 South Maple Avenue – Suite 220
Ambler, PA 19002
Phone: (215) 609-4661

**COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**

**DARREL EDELMAN**
2155 Westerdale Court
Kamloops, B. C. Canada
V1S 1R7
*On behalf of himself and
all others similarly situated,*
                              Plaintiff,

        v.

**MARK TRUDEAU**
601 Paxinosa Road East
Easton, Pennsylvania, 18040

**STEPHEN WELCH**
15 Sunnybrook Rd.
Basking Ridge, New Jersey 07920

**DAVID NORTON**
8 Greenholm St., Apt. C
Princeton, New Jersey 08540

**BRYAN REASONS**
2 Linden Lane
Chatham, New Jersey 07928

**JOANN REED**
205 Tuttle Ave
Spring Lake, New Jersey 07762,
                              Defendants.

No.:  **C-48-CV-2023- 1378**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**



1

## CLASS ACTION COMPLAINT

Plaintiff Darrel Edelman (*"Plaintiff" or "Edelman"*), by and through his undersigned counsel, on behalf of himself and a Class of similarly situated holders of the common stock of Mallinckrodt plc and its subsidiaries (*"Mallinckrodt"*) who opted out of the release issued in the Chapter 11 bankruptcy reorganization filed in the District of Delaware, against the members of the Mallinckrodt Board of Directors (as identified specifically herein) for (1) breaching their fiduciary duties, (2) gross mismanagement, (3) failing to supervise and control Mallinckrodt's representatives, (4) unjust enrichment, (5) civil conspiracy in connection with the breach of fiduciary duty owed to Plaintiff and (6) aiding and abetting the breach of the fiduciary duty owed to Plaintiff. Plaintiff seeks an order awarding Plaintiff and the Class damages suffered as a result of Defendants' wrongdoing, both individually and collectively. Because Mr. Edelman and the other Mallinckrodt investors who are members of the putative Class here all exercised their right to opt out of the individual releases offered to the named individual defendants in the Mallinckrodt bankruptcy, and because the individual defendants here did not themselves file for bankruptcy and were not otherwise part of the Mallinckrodt corporate bankruptcy reorganization, Plaintiff and the Class are entitled to seek the individual relief they seek in the instant lawsuit for the harm proximately caused to them by the acts and omissions of the named defendants herein.

The allegations of this Complaint are based on Plaintiff's knowledge as to himself, and on information and belief based upon, among other things, the investigation of counsel, discussions with other Mallinckrodt stockholders and publicly available information, as to all other matters.

## NATURE OF THE CASE

1.      This is a putative class action case brought by Plaintiff on his own behalf and on

2

behalf of a class of similarly-situated Mallinckrodt shareholders who opted out of the individual releases given in bankruptcy against the individual named Defendants for multiple breaches of fiduciary duty and/or other unlawful acts and omissions causing the ownership interests held by Plaintiff and the members of the Class in the stock of Mallinckrodt to be completely devalued and ultimately converted to others as a result of their willful, reckless and/or negligent acts and omissions as described herein and as part of the scheme to enrich the individual Defendants at the expense of Plaintiff and the Class.

2.     The Defendants exacerbated their multiple breaches of fiduciary duty by, *inter alia*, the following acts and omissions:

  a.   Failing to adhere to Section 11 of the Mallinckrodt Corporate Governance Guidelines which would have rendered them incapable of representing equity holders and likely rendering them incapable of continuing in their current respective positions up to the filing of the Mallinckrodt bankruptcy and during the pendency thereof;

  b.   Unilaterally changing their compensation to a cash only basis on April 2, 2020, just months before Mallinckrodt filed for bankruptcy about which filing each of the Defendants was fully aware and authorized, which change caused a material divergence of the shareholder interests with the interests of the members of the Board of Directors named herein;

  c.   Authorizing the transfer of money and other things value to various individuals and business prior to the bankruptcy filings in order to enrich themselves and the other Mallinckrodt businesses in which they had continuing involvement, oversight and interests which businesses were not

being included in the bankruptcy filing, thereby further depleting the precious resources of a supposed "hopelessly insolvent" Mallinckrodt entity, as described by the bankruptcy judge in response to inquiries by a group of Mallinckrodt investors;

d.  Disregarding Mallinckrodt's true solvency in relation to the company's profitable specialty brands business, API business and opioids business, and pursuing Chapter 11 Reorganization as a supposed "hopelessly insolvent" enterprise considering the failing Specialty Generics/opioids business alone;

e.  Refusing to aggressively litigate or vigorously defend opioid lawsuits and choosing to settle  such cases prior seeking to reorganize in the Bankruptcy Court without maximizing its fully paid for and available insurance coverage in defense of such questionable claims, thereby making the "wholeco" bankruptcy filing premature and unnecessary.

f.  Authorizing the payment of millions of dollars in settlement to unsecured opioid claimants in Ohio litigation prior to the bankruptcy filing, thereby further depleting the precious resources of a supposed "hopelessly insolvent" Mallinckrodt entity;

g.  Agreeing to settle with plaintiffs' lawyers representing opioids plaintiffs for an ownership interest in the reorganized Mallinckrodt, thereby forfeiting the ownership interests of Plaintiff and the Class without advising shareholders or seeking their advice or consent, and without exhausting all remedies to preserve and protect shareholder value.

3.  In sum, Defendants failed to preserve and maximize shareholder value and to

4

protect the interests of Mallinckrodt's shareholders by their acts and omissions set forth herein, and as will be further developed through the discovery in this case. Instead, Defendants engaged in a various acts and omissions designed to benefit themselves and their select, preferred interests, securing material benefits for themselves at the expense of Plaintiff and the Class. Each of the Defendants has breached his or her fiduciary duties and/or has aided and abetted such breaches by favoring their NewCo's[1]interests and/or their own financial interests over those of Mallinckrodt's existing, public, non-insider shareholders. As a result, Plaintiff and the other non-public shareholders in the putative Class never received a fair price for their respective shares of Mallinckrodt public stock, were not informed of their rights to protect themselves in advance of the Mallinckrodt bankruptcy and/or the Defendants' conduct, and thus were denied the necessary and material information to protect themselves from the complete loss of their shares and the values of their investments in Mallinckrodt.

4.     For these reasons as set forth in detail herein, Plaintiff seeks to recover damages resulting from the Defendants' acts and omissions in which caused damages to Plaintiff and the Class.

## I.     JURISDICTION AND VENUE

5.     This Court has jurisdiction to hear this matter pursuant to 42 Pa. C.S.A. §931 which grants this Court "unlimited original jurisdiction of all actions and these proceedings."

6.     This Court has personal jurisdiction over all of the Defendants were (or are) officers and directors of Mallinckrodt whom did conduct or continue to conduct business in Northampton County, Pennsylvania, as defined by 42 Pa. C.S.A. §5322(a)(1) and over

---

[1] "NewCo" is the name of the entity that ermged from bankruptcy in June 2022, which, upon information and belief, bears the same name "Mallinckrodt" as the prior entity. Thus to avoid confusion, the new Mallinckrodt is referred to herein as NewCo, while the entity in which Plaintiff and the Class held ownership is referred to as Mallinckrodt.

Defendant Mark Trudeau because he is a resident of Northampton County. The Defendants caused harm to Pennsylvania citizens by acts occurring outside of the Commonwealth of Pennsylvania, 42 Pa. C.S.A. §5322(a)(4), and/or have maintained the most minimum contacts with this Commonwealth allowed under the United States Constitution, 42 Pa. C.S.A. §5322(b).

7.      Venue is appropriate in this Court because Defendant Mark Trudeau is a resident of Northampton County. Pa. R. Civ. P. 1006(a). Moreover, it is likely that various instrumentalities of the conduct described herein have been located in Northampton County, making this a county in which "a transaction or occurrence took place out of which the cause of action arose."

8.      Plaintiffs bring this action exclusively under the common law and statutes of Pennsylvania. No federal claims are being asserted. No aspect of the claims asserted herein is brought pursuant to any federal law. To the extent any claim or factual assertion set forth herein may be construed to have stated any claim under federal law, such claim is expressly and undeniably disavowed and disclaimed by the Plaintiffs.

## II.    THE PARTIES

### A. PLAINTIFF

9.      Plaintiff Darrel Edelman is an adult individual residing at 2155 Westerdale Court Kamloops, B. C. Canada, V1S 1R7. Between 2014 and 2020, Plaintiff purchased shares of Mallinckrodt stock. Those purchases included, but were not limited, to the following:

> a.  On December 31, 2015, Plaintiff purchased 296 shares of Mallinckrodt stock at a Book Share Price of $71.66 per share;
>
> b.  On December 31, 2015, Plaintiff purchased 1400 shares of Mallinckrodt stock at a Book Share Price of $70.20 per share;

6

      c.  On May 31, 2019, Plaintiff purchased 2200 shares of Mallinckrodt stock at a Book Share Price of $9.20 per share;

      d.  On June 6, 2019, Plaintiff purchased 600 shares of Mallinckrodt stock at a Book Share Price of $9.20 per share and

      e.  On April 30, 2020, Plaintiff purchased 7000 shares of Mallinckrodt stock at a Book Share Price of $5.66 per share.

10.     As such, Plaintiff was a stockholder, owning over 11,496 shares of common stock in Mallinckrodt until he was defrauded by the Defendants, individually or in concert with one another, and other unnamed parties, and as a result of the Defendants' fraudulent conduct and related breaches of their fiduciary duties owed to him and the members of the putative Class. Each individual defendant aided and abetted each other named defendant, and others, in the injurious conduct described herein.

11.     As a result of the Defendants' acts and omissions alleged herein, Plaintiff suffered a 100% uncompensated loss of the entirety of his ownership in Mallinckrodt, valued at a minimum of $184,871.36. The members of the putative Class all suffered similar harm through their ownership interests in Mallinckrodt in amounts to be determined.

12.     Plaintiff brings this case on behalf of a Class of similarly-situated stockholders/shareholders of Mallinckrodt common stock who were victims of the Defendants' breaches of their fiduciary duties owed to Plaintiff and the putative class—breaches in which all other named Defendants aided and abetted.

**B. DEFENDANTS**

### Mallinckrodt Officers and Directors (the "Defendants")

13.     Mark Trudeau (***"Trudeau"***) is an adult individual with an address at 601

7

Paxinosa Road East, Easton, Pennsylvania, 18040. During all or a portion of the relevant times,

he was the President and Chief Executive Officer of Mallinckrodt plc and served on its Board of

Directors. Trudeau became President and CEO of Mallinckrodt plc in June 2013.

14.     Trudeau has served on the Board of Directors since June 2013 and after Questcor

was acquired by Mallinckrodt in August 2014, so he is intimately familiar with the company's

fraudulent conduct for which it has been investigated and prosecuted by federal authorities (ie.,

the Federal Trade Commission (FTC), the Department of Justice (DOJ), the Office of Inspector

General (OIG), and state authorities (ie. various state attorneys general), investigated by the U.S.

Congress several times, and sued over by former employees acting as qui tam relators and

various private plaintiffs. Yet, Mr. Trudeau did nothing to change Mallinckrodt's bad behavior

and instead breached his duties (and conspiring and agreeing with others to do so and aiding and

abetting their breaches of duty) to Plaintiff and the Class. Instead, he gladly received payments

as "Director Fees" in the year prior to the October 2020 bankruptcy filing (D.I. 944 at 25),

buying his continued silence and complicity in the continuing unlawful conduct of the individual

defendants in breach of his fiduciary duties to Plaintiff and the class Mr. Trudeau also received

lucrative stock in "New Company" established through the bankruptcy as part of his payment for

his various unlawful acts and omissions.

15.     All such fees (and other compensation) should be disgorged by Mr. Trudeau as he

was unjustly enriched and improperly compensated for sanctioning (or turning a blind eye

toward) continuing unlawful conduct of the named defendants in breach of his fiduciary duties.

16.     Mr. Trudeau has direct, personal knowledge of, and complicity in, the alleged

unlawful conduct.

17.     Stephen Welch (*"Welch"*) is an individual and resident of 15 Sunnybrook Rd.

8

Basking Ridge, New Jersey 07920. During all or a portion of the relevant times, he was the

Chief Transformation Officer at Mallinckrodt plc and Chief Financial Officer for Specialty

Generics businesses. It is believed that Welch continues to work for and direct the New

Company formed out of the Chapter 11 reorganization. Mr. Welch is intimately familiar with

the company's fraudulent conduct for which it has been investigated and prosecuted by various

federal and state authorities repeatedly, investigated by the U.S. Congress several times and sued

over by qui tam relators and private plaintiffs. Yet, Mr. Welch did nothing to change the

unlawful conduct and instead breached his duties (and conspired to do so) to Plaintiff and the

Class. Instead, he gladly received payments as "Director Fees" in the year prior to the October

2020 bankruptcy filing (D.I. 944 at 25), likely to buy his continued silence and complicity in the

continuing unlawful conduct in breach of his fiduciary duties to Plaintiff and the class; and in

exchange for a promise of lucrative stock in "New Company."

18.      All such fees (and other compensation) should be disgorged by Mr. Welch as he

was unjustly enriched and improperly compensated for sanctioning (or turning a blind eye

toward) continuing unlawful conduct in breach of his fiduciary duties.

19.      Mr. Welch has direct, personal knowledge of, and complicity in, the unlawful

conduct alleged herein.

20.      Bryan Reasons (*"Reasons"*) is an individual and resident of 2 Linden Lane,

Chatham, New Jersey 07928. During all or a portion of the relevant times, he was the President

of Mallinckrodt ARD, as well as several other Specialty Brands entities. During all or a portion

of the relevant times, Reasons served on the Board of Directors of Mallinckrodt plc. Mr.

Reasons is intimately familiar with the fraudulent conduct for which Mallinckrodt has been

investigated and prosecuted by federal and state authorities repeatedly, investigated by the U.S.

9

Congress several times and sued over by qui tam relators and private plaintiffs. Yet, Mr. Reasons did nothing to change the unlawful conduct and instead breached his duties (and conspired to do so) to Plaintiff and the Class. Instead, he gladly received payments as "Director Fees" in the year prior to the October 2020 bankruptcy filing (D.I. 944 at 25), likely to buy his continued silence and complicity in the continuing unlawful conduct in breach of his fiduciary duties to Plaintiff and the class; and in exchange for a promise of lucrative stock in "New Company."

21.     All such fees (and other compensation) should be disgorged by Mr. Reasons as he was unjustly enriched and improperly compensated for sanctioning (or turning a blind eye toward) continuing unlawful conduct in breach of his fiduciary duties.

22.     Mr. Reasons has direct, personal knowledge of, and complicity in, the alleged unlawful conduct.

23.     David Norton (*"Norton"*) is an adult individual and resident of 8 Greenholm St. Apartment C. Princeton, New Jersey. During all or a portion of the relevant times, he served on the Board of Directors of Mallinckrodt plc.

24.     Mr. Norton became a Mallinckrodt Director in September 2017, so he is intimately familiar with the company's fraudulent conduct for which it has been investigated and prosecuted by federal and state authorities repeatedly, investigated by the U.S. Congress several times and sued over by qui tam relators and private plaintiffs. Yet, despite all this evidence of unlawful conduct, Mr. Norton did nothing to change such conduct. Instead, he gladly received payments totaling $344,604 as "Director Fees" in the year prior to the October 2020 bankruptcy filing (D.I. 944 at 26), likely to buy his continued silence and complicity in the continuing unlawful conduct in breach of his fiduciary duties to Plaintiff and the class; and in exchange for a

10

promise of lucrative stock in New Company.

25.     All such fees (and other compensation) should be disgorged by Mr. Norton as he was unjustly enriched and improperly compensated for sanctioning (or turning a blind eye toward) continuing unlawful conduct in breach of his fiduciary duties.

26.     JoAnn Reed (*"Reed"*) is an adult individual and resident of 205 Tuttle Ave, Spring Lake, New Jersey 07762.  During all or a portion of the relevant times, she served on the Board of Directors of Mallinckrodt plc.

27.     Ms. Reed has been a Mallinckrodt Director since June 2013, so she is intimately familiar with the unlawful conduct which has been investigated and prosecuted by federal and state authorities repeatedly, investigated by the U.S. Congress several times and sued over by qui tam relators and private plaintiffs.  Yet, despite this evidence of unlawful conduct, Ms. Reed did nothing to change such conduct.  Instead, she gladly received payments of $351,102 as "Director Fees" in the year prior to the October 2020 bankruptcy filing (D.I. 944 at 25), likely to buy her continued silence and complicity in the continuing unlawful conduct in breach of her fiduciary duties to Plaintiff and the class, and in exchange for a promise of lucrative stock in New Company.

28.     All such fees (and other compensation) should be disgorged by Ms. Reed as she was unjustly enriched and improperly compensated for sanctioning (or turning a blind eye toward) the continuing unlawful conduct in breach of her fiduciary duties.

29.     The Defendants were fully aware of, and approved of, the decisions which have led to the continuation of unlawful conduct in relation to the complete loss of value of Plaintiff's and the Class's ownership interest in Mallinckrodt without any compensation to Plaintiff and the Class members, while these Defendants enjoyed the fruits of their misconduct and malfeasance

11

enriching themselves at the expense of Plaintiff and the Class.

## THE DEFENDANTS' FIDUCIARY DUTIES

30.     By reason of the Defendants' positions with the Company as officers and/or

directors, they are in a fiduciary relationship with Plaintiff and the Class, all of whom were

public shareholders of Mallinckrodt.  Defendants thus owed Plaintiff and the Class a duty of

care, loyalty, good faith, candor and independence.

31.     By virtue of their positions as directors and/or officers of Mallinckrodt, the

Defendants, at all relevant times, had the power to control and influence Mallinckrodt and its

officers, directors, employees and agents, did exercise control and influence over sich parties,

and caused such parties to engage in the acts, practices and failures to act in the face of duties to

act complained of herein.

32.     To diligently comply with their fiduciary duties, the Defendants may not take any

action that: (a) adversely affects the value provided to the Company's shareholders; (b) favors

themselves or discourages or inhibits alternative offers to purchase control of the corporation or

its assets; ( c) adversely affects their duty to search and secure the best value reasonably

available under the circumstances for the Company's shareholders; (d) will provide the

Defendants with preferential treatment at the expense of, or separate from, the public

shareholders; and/or (e) contractually prohibits the Defendants from complying with or carrying

out their fiduciary duties.

33.     In accordance with their duties of loyalty and good faith, the Defendants are

obligated to refrain from: (a) participating in any transaction where the Defendants' loyalties are

divided; (b) participating in any transaction where the Defendants receive, or are entitled to

receive, a personal financial benefit not equally shared by the public shareholders of the

corporation; and/or (c) unjustly enriching themselves at the expense or to the detriment of the public shareholders.

34.     Plaintiff alleges herein that the Defendants, separately and together, in executing improper stock transfers and holding their respective positions without adhering to Mallinckrodt's own policies for their positions, knowingly or recklessly violated their fiduciary duties, including their duties of loyalty, good faith, and independence owed to the Company, or are aiding and abetting others in violating those duties.

35.     The Defendants are knowingly or recklessly breaching their fiduciary duties of candor by failing to disclose all material information concerning their own transactions and/or aiding and abetting other Defendants' breaches.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action on behalf of himself and a Class of all similarly-situated former owners of Mallinckrodt common stock who were harmed by Defendants' actions and omissions described herein (the *"Class"*).  Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants, as well as all those who failed to timely exercise their right to opt out of releases provided to the individual Defendants by the bankruptcy court.

37.     This action is properly maintainable as a class action because:

      a.   The Class is so numerous that joinder of all members is impracticable.  The actual number of shareholders affected by the Defendants' course of conduct will be ascertained through discovery but exceeds 100 members.

      b.   There are questions of law and fact that are common to the Class including but not limited to the following:

i.   Whether the Defendants have breached their fiduciary duties with
respect to Plaintiff and the other members of the Class in connection
with the conduct alleged herein;

ii.  Whether the Defendants have breached their fiduciary duties to
maintain shareholder value for the benefit of Plaintiff and the other
members of the Class in connection with the conduct alleged herein;
and

iii. whether the Defendants misrepresented and omitted material facts
in violation of their fiduciary duties owed by them to Plaintiff and the
other members of the Class.

## FACTS

### *The "Share Repurchase Program"*

38.    Between the years 2015 and 2018, while Mallinckrodt beset by massive liabilities
arising out of the conduct of their opioid business, the Defendants, authorized and implemented a
program to repurchase its own ordinary shares (the *"Share Repurchase Program"*). Altogether,
the Defendants, individually and together, repurchased approximately $1.586 billion of its shares
through the program and Mallinckrodt *received no value in return*.

39.    The Defendants possess the information necessary to identify shareholders from
whom Mallinckrodt repurchased its shares between 2015 and 2018 for their individual benefit
and at the expense of Plaintiff and the Class.  That information is likely within the care, custody,
and control of Goldman Sachs and/or Morgan Stanley, both of whom acted as Mallinckrodt's
brokers in connection with the Share Repurchase Program.

40.    The identity of the beneficial owners who participated in the Share Repurchase

14

Program are unknown to Plaintiff and the Class at this time, but will be revealed through discovery in this case.

41.    The Share Repurchase Plan was marred by a flawed process and numerous conflicts of interests, which lies at the Defendants' feet. The Share Repurchase Plan was part of a scheme of the Defendants to devalue the ownership interests of Plaintiff and the Class, while enriching themselves and others. As a direct and proximate result, Plaintiff and the Class were deceived and had the value of their ownership interests diminished and destroyed.

### *The Cancellation of Common Stock*

42.    In or around 2020, Plaintiff learned that the Defendants intended to cancel all of Mallinckrodt's existing common equity and provide shares in a "New Mallinckrodt" to existing debt-holders. Plaintiff was not told that the plan also included giving ownership interests in New Mallinckrodt to a consortium of opioid unsecured claimants and their attorneys.

43.    The individual Defendants followed through on such plan and cancelled all existing common equity, including the equity of Plaintiff and the Class, and provided shares in a new entity (with the same names and similar business operations), to debt holders and opioid claimants. Such plan became part of a "Restructuring Support Agreement" or RSA, which became the template for the eventual plan of reorganization in bankruptcy. As a result of such preferential transfer of ownership in Mallinckrodt, Plaintiff suffered a loss of approximately $180,000. Upon information and belief, the members of the putative Class suffered their own significant losses in the millions of dollars.

44.    On October 12, 2020, Mallinckrodt plc and some, but not all, of its subsidiary companies, filed for Chapter 11 bankruptcy protection and sought to reorganize as a New Company, with several of the Defendants receiving "golden parachutes" in the form of shares of

15

new stock in the New Company (as much as 10% of the New Company's shares). No Defendant

was required to pay anything as part of the reorganization effort in light of their demonstrable

improper actions in the management and operation of the Mallinckrodt businesses. Instead, they

were rewarded for their actions.

### *Change in "Non-Employee" Board of Director Compensation*

45.     Sometime before April 2, 2020, the Defendants, changed Mallinckrodt's Non-

Employee Director Compensation. Such change was reported to the SEC on April 2, 2020.

46.     During that time, Mallinckrodt was involved in various litigations regarding its

marketing and sales of both brand and generic opioids and its flagship product, H.P. Acthar Gel.

47.     The April 2, 2020 filing with the SEC explained that:

> "In addition, the Board, upon. the recommendation of the Governance and
> Compliance Committee and the Human Resources and Compensation Committee,
> and with the advice of its external compensation consultant, approved a
> modification of the Company's compensation structure for its non-employee
> directors on April 28, 2020. This is also being implemented due to the various
> uncertainties the Company is facing associated with outstanding legal issues
> related to opioids and Acthar Gel, and has also been benchmarked against similar
> changes implemented at other companies facing such uncertainties and is
> generally aligned with the approach taken by companies of comparable size to
> Mallinckrodt.
>
> In lieu of an annual equity grant in fiscal 2020, the annual cash retainer of the
> Company's non-employee directors will be increased by an amount equal to 80%
> of the annual equity award value, reflecting a 20% reduction to reflect the shorter-
> term nature of this component of the compensation.  As such, no equity grants
> will be made to non-employee directors in 2020; and instead results in an increase
> of cash compensation of $236, 000 per year for all non-employee directors, as
> well as an additional $89,600 for the non-executive chairman.  These additional
> amounts will be paid quarterly in arrears beginning in the second quarter of fiscal
> 2020, and will be in addition to the annual cash retainer of $100,000 payable to all
> directors as well as the cash retainers paid for Committee service and
> chairmanships, all as described in the Company's annual proxy statement filed
> with the U.S. Securities and Exchange Commission on April 2, 2020, as
> supplemented on April 21, 2020."

48.     This change exposed one piece of the Defendants' conflict of interest, and was

16

done in furtherance of the Defendants' breach of their fiduciary duties to the Plaintiff and the Class.

49.     The Defendants sought to enrich themselves at the expense or and to the material detriment of Plaintiff and the Class.

50.     Such act was self-serving for the non-employee Defendants, and was done to enrich such Defendants and protect them from anticipated losses in their own shareholder value that was sure to result from the anticipated bankruptcy filing. As part of the scheme and conspiracy to defraud its common shareholders, Mallinckrodt's directors violated Mallinckrodt's own requirement that its directors maintain ownership of Mallinckrodt common stock valued at five times their cash retainers.

51.     In lieu of an annual equity grant in fiscal 2020, the annual cash retainer of the Company's non-employee directors increased by an amount equal to 80% of the annual equity award value, reflecting a 20% reduction to reflect the shorter-term nature of this component of the compensation. As such, no equity grants were made to non-employee directors in 2020, and instead resulted in an increase of cash compensation of $236,000 per year for all non-employee directors, as well as an additional $89,600 for the non-executive chairman. Such amounts unjustly enriched these Defendants at the expense of Plaintiff and the Class, and should be disgorged to Plaintiff and the Class

### *The End-Game: The Bankruptcy and Mallinckrodt's Plan of Reorganization*

52.     On October 12, 2020 (the *"Petition Date"*), Mallinckrodt filed voluntary petitions with the United States Bankruptcy Court for the District of Delaware, commencing cases for relief under chapter 11 the Bankruptcy Code (the *"Bankruptcy"*).

53.     Both prior to and throughout the Bankruptcy, the Defendants continued to ignore

17

and breach their fiduciary obligations to Plaintiff and the Class through the acts and omissions described herein. They entered into favorable agreements with unsecured creditor opioid claimants to resolve all pending and future opioid claims for cash consideration and stock in the "New Company" at the expense of and to the material detriment of Plaintiff and the Class.

54.     As a direct and proximate result, Plaintiff's equity interests were completely destroyed, thereby diminishing Plaintiffs retirement investments in Mallinckrodt.

55.     Defendants caused harm to Plaintiff and the Class through their acts and omissions in facilitating the: (a) Share Repurchase Program, (b) Cancellation of Common Stock, (c) Change in Non-Employee Directors' Compensation and (d) filing for Bankruptcy with an RSA that granted shareholder value to unsecured claimants and when the organization was solvent as a going concern when viewed as a brand and API business. Each of the Defendants breached their fiduciary duties and/or aided and abetted each other's breaches of their fiduciary duties. As set forth herein, instead of working to maximize shareholder value as required, Defendants devalued the company, protected themselves, enhanced their interests, and handed over ownership in the New Company to unsecured creditors at the expense of Plaintiff and the Class. As a direct and proximate result of the Defendants' breaches of their fiduciary duties, Plaintiff and the Class lost the value of their investments in their entirety.

56.     With this filing, Plaintiff seeks retribution from the Defendants for their violations of their fiduciary duties and seeks to recover damages resulting from the Defendants' violations of their fiduciary duties.

### Defendants Have Not Disclosed Material Information

57.     Finally, it was critical that shareholders received complete and accurate information about the decisions of the Defendants highlighted herein. However, the Defendants

either intentionally, recklessly or negligently failed to provide Plaintiff and the Class with the information needed to protect themselves, as the Defendants were able to do due to their access to such information.

## CLASS ACTION ALLEGATIONS

58.     Plaintiff brings this action pursuant to Pennsylvania Rules of Civil Procedure 1702(1), (2), and (3), on behalf of himself and others similarly-situated current citizens and resident entities, and their beneficiaries, in Pennsylvania and throughout the world. The proposed Class includes all former shareholders in Mallinckrodt who opted out of the bankruptcy releases and lost all value of their ownership interests in Mallinckrodt through the Mallinckrodt bankruptcy.

59.     Excluded from the above Class are the Defendants, and any entity in which Defendants have or had a controlling interest, and their employees, officers, directors, agents, contractors or legal representatives, and all persons and entities whose ownership interests in Mallinckrodt were maintained or enhanced through the Bankruptcy.

### *Numerosity*

60.     The proposed Class consists of at least hundreds, and potentially thousands, of shareholders who, like Plaintiff, opted out of the individual releases in Bankruptcy and lost all shareholder value in Mallinckrodt as a result of the Defendants' breaches of their fiduciary duties. Thus, the Class is so numerous that joinder of all its members is impractical.

61.     Despite the size of the Class, its members are easily identifiable, as each shareholder can be identified from various sources. Importantly, many of the records needed to identify the members of the Class are in the hands of the Defendants.

62.     Because of the Class size, joinder is impracticable.

19

*Typicality*

63.     Plaintiff's claims are typical of the claims of the Class, in that the representative

Plaintiff is an individual shareholder who, like other Class members, purchased shares of

Mallinckrodt stock and now have $0.00 in equity value, as opposed to the Defendants whom

were enriched at the expense of Plaintiff and the Class.  Plaintiff, like all similarly-situated Class

members, has sustained economic injuries in the form of lost shareholder value through the acts

and omissions of the Defendants.

*Adequacy of Representation*

64.     Plaintiff can and will fairly and adequately represent and protect the interests of

the Class. Plaintiff has no interest that conflicts with or is antagonistic to the interests of the

Class.  Plaintiff has zealously advocated for the interests of common shareholders since prior to

the Bankruptcy, throughout the Bankruptcy, and after the Bankruptcy on appeal.

65.     Plaintiff is represented by counsel who are experienced and competent in the

prosecution of complex actions, and will fairly and adequately represent the interests of Plaintiff

and the Class here.

*Commonality*

66.     The factual and legal bases for the Defendants' misconduct are common to Class

members and represent a common course of conduct resulting in injury to Plaintiff and the Class.

Common questions of law and fact in this case include, but are not limited to, the following:

      a.   Whether Defendants breached their fiduciary duties to Plaintiff and the Class
         when they:

           i.   Implemented the "Share Repurchase Program", selling to
              Mallinckrodt/New Company approximately $1.586 billion of
              Mallinckrodt's shares (owned by the Plaintiff and the Class) through
              the program and *received no value in return*;

   ii.   changed Mallinckrodt's Non-Employee Director Compensation;

   iii.  cancelled all existing common equity and provided shares in a new
         entity (with the same business operations) to the detriment of Plaintiff
         and the Class;

   iv.   ignored and breached their fiduciary obligations to Plaintiff and the
         Class and instead, executed favorable agreements with Opioid-related
         Claimants to resolve all pending and future Opioid claims for cash
         consideration and stock in the "New Company";

   v.    approved a modification of Mallinckrodt's compensation structure for
         its non-employee directors and/or

   vi.   either intentionally or maliciously failed to provide Plaintiff and the
         Class with information regarding the breaches stated herein.

b. Whether Defendants are liable for aiding and abetting;

c. Whether Defendants acted with reckless disregard or indifference;

d. Whether Defendants misrepresented or failed to communicate these above-
   stated breaches/schemes to the Plaintiff and the Class.

e. Whether the Defendants conspired with or aided and abetted with each other
   and/or professional advisors in furtherance of their common strategy to protect
   their own personal ownership interests to the detriment, and in utter disregard,
   of the Plaintiff's and the Class's investments/ownership interests in
   Mallinckrodt.

f. Whether Plaintiff and members of the Class are entitled to compensatory
   damages, and, if so, the nature of such damages;

g. Whether the Defendants were unjustly enriched by their intentional acts;

h. The proper measure of damages; and

i. Whether Plaintiff and members of the Class are entitled to an award of
   punitive damages, reasonable attorneys' fees, prejudgment interest,
   post-judgment interest, costs of suit, and other appropriate relief under the
   circumstances of this case.

*Predominance*

21

67.     These questions of law and fact common to the members of the Class predominate over questions, if any, that may affect only individual members because Defendants have acted and refused to act on grounds generally applicable to the entire Class.  Such generally applicable conduct is inherent in Defendants' conduct as more fully alleged herein.

### *Superiority*

68.     A class action is superior to any other available method for the fair and efficient adjudication of this controversy in that, among other things, such treatment will permit a large number of similarly situated persons and entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.

69.     The prosecution of separate actions by individual members of the Plaintiff Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class.  These adjudications would establish incompatible standards of conduct for the Defendants which would, as a practical matter, be disparities of the claims of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

70.     Accordingly, class certification is appropriate.

22

## COUNT I
## PLAINTIFF v. ALL DEFENDANTS

### BREACH OF FIDUCIARY DUTY

71.     Plaintiff hereby incorporates by reference the averments of the foregoing

paragraphs as if fully set forth herein and further allege as follows.

72.     The Defendants breached and abrogated their individual and collective fiduciary

duties owed to Plaintiff, as well as the other public shareholders of Mallinckrodt.

73.     The Defendants knowingly and intentionally induced and/or participated in the

foregoing breach of said fiduciary duties.

74.     By their acts, transactions and courses of conduct alleged herein, the Defendants

failed to preserve and protect shareholder value in Mallinckrodt.

75.     The Defendants made various misrepresentations on their corporate reports and

directly to their investors, failed to preserve and protect the investments of Mallinckrodt's

shareholders like Plaintiff, made investment decisions in their own self-interests and to the

detriment of other shareholders without director or officer control.  In so doing, they devalued

the investments of Plaintiff and the Class and enriched themselves at the expenses of Plaintiff

and the Class.  Also, the Defendants disregarded the true value of the Company, in order to

benefit themselves and others. The Defendants orchestrated a scheme to conceal the truth about

their acts and omissions.  In so doing, the Defendants failed to provide Plaintiff and its other

public shareholders with the material information to protect themselves, including deciding

whether to tender their shares prior to the Bankruptcy or the Opioid Settlement.

76.     As a direct and proximate result of the acts and omissions of Defendants, Plaintiff

and the Class suffered injury and were damaged, in that, the value of their equity in Mallinckrodt

was diminished and diluted intentionally, and ultimately, they lost their shares without any

compensation and were never given the opportunity to receive any value for their equity interests in Mallinckrodt. As such, the Defendants breached their fiduciary duties owed to Plaintiff and the members of the Class.

77.     By reason of the Defendants' aforesaid conduct, Plaintiff is entitled to a judgment against each of them, both jointly and severally, for damages in the principal amount of $180,000.00 together with appropriate interest thereon, including an award of the costs and disbursements of this action and Plaintiff's attorneys' fees to the extend recoverable under applicable law. The Class, if certified, will be entitled to similar relief.

78.     In addition, such breaches of fiduciary duty were so contumacious and contrary to societal norms as to justify and require the imposition of exemplary and punitive damages to Plaintiff and the Class as this Court may determine.

**WHEREFORE,** Plaintiff demands that judgment be entered in his favor, and in favor of the Class, and against Defendants, in an amount to be determined at trial, including but not limited to costs, attorneys' fees, and such other relief deemed just and appropriate by this Court.

## COUNT II
## PLAINTIFF v. ALL DEFENDANTS

### AIDING AND ABETTING

79.     Plaintiff hereby incorporates by reference the averments of the foregoing paragraphs as if fully set forth herein and further alleges as follows:

80.     Defendants knowingly and voluntarily agreed to engage in unfair and deceptive practices to promote the use of opioids for the treatment of chronic pain by making and disseminating false, unsubstantiated, and misleading statements and misrepresentations to prescribers and consumers. Defendants enlisted various KOLs and groups to make and disseminate these statements in furtherance of their common strategy to increase opioids sales,

24

and Defendants—along with the groups with whom each of them conspired—knew that the statements they made and disseminated served this purpose.

81.     In addition to the wrongful conduct herein alleged as giving rise to primary liability, certain of the Defendants further aided and abetted and/or assisted each other, and others, in the breach of their respective duties as herein alleged.

82.     At all relevant times hereto, the Defendants, and each of them, initiated a course of conduct that was designed to: (i) favor themselves and others at the expense of Plaintiff and the Class; (ii) dimmish and destroy shareholder value to eliminate existing shareholder ownership interests without any compensation in order to transfer such ownership interests to themselves and others; and (iii) engaging in such conduct without providing Plaintiff and the Class the information to which they were entitled in order to try to protect themselves, despite repeated, direct requests for such information. In furtherance of this plan and course of conduct, Defendants, and each of them, took the actions as set forth herein.

83.     Each of the Defendants aided and abetted and rendered substantial assistance in the wrongs complained of herein. In taking such actions, as particularized herein, to substantially assist the commission of the wrongdoing complained of, each Defendant acted with knowledge of the primary wrongdoing, substantially assisted the accomplishment of that wrongdoing, and was aware of his or her overall contribution to, and furtherance of, the wrongdoing. Defendants' acts of aiding and abetting included, *inter alia*, the acts each of them are alleged to have committed in furtherance of the common enterprise and common course of conduct complained of herein.

84.     By reason of the foregoing, Plaintiff has been injured and continues to be injured in that Defendants' ongoing concerted actions contained herein.

**WHEREFORE**, Plaintiff demands that judgment be entered in his favor, and in favor of the Class, and against Defendants, in an amount to be determined at trial, including but not limited to costs, attorneys' fees, and such other relief deemed just and appropriate by this Court.

**COUNT III**
**PLAINTIFF v. ALL DEFENDANTS**

**UNJUST ENRICHMENT**

85.      Plaintiff hereby incorporates by reference the averments of the foregoing paragraphs as if fully set forth herein and further alleges as follows:

86.      This Count alleges unjust enrichment against the Defendants.

87.      By its course of conduct enumerated above, Defendants were unjustly enriched to the detriment of the Plaintiff and the Class.

88.      The tens of millions in stock value that was diluted to nothing was caused by the conduct of the Defendants with the purpose of enrichment of the Defendants and other non-shareholders.  The Defendants were also unjustly enriched in the form of compensation, benefits and remuneration.

89.      Only discovery will reveal the nature and extent of the financial gains of each Defendant for purpose of this unjust enrichment claim.

90.      The rewards to Defendants for their conduct was valuable to Defendants and they were unjustly enriched by such financial rewards.

91.      By engaging in the conduct described in this Class Action Complaint, the Defendants purposely and knowingly obtained and continue to obtain benefits from their conduct, namely compensation, benefits and other remuneration from their direct involvement in coordinating all aspects of Mallinckrodt's stock decisions.

92.     By engaging in the unlawful conduct described herein, Defendants violated the common law of Pennsylvania and other states and, as such, interfered with the legally protected interests of Plaintiff and the Class.

93.     Plaintiff and each member of the Class are therefore entitled to an award of compensatory damages in an amount to be determined at trial, or the imposition of a constructive trust upon the monies derived by the Defendants by means of the above-described actions.

**WHEREFORE,** Plaintiff demands that judgment be entered in his favor, and in favor of the Class, and against the Defendants, in an amount to be determined at trial, including but not limited to costs, attorneys' fees, and such other relief deemed just and appropriate by this Court.

### COUNT IV
### PLAINTIFF v. ALL DEFENDANTS

### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAWS

94.     Plaintiff hereby incorporates by reference the averments of the foregoing paragraphs as if fully set forth herein and further alleges as follows:

95.     The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 – 201-9.3, et seq., (or "UTPCPL") makes it unlawful for a person or business to, among other things, engage in fraudulent or deceptive conduct.

96.     Each Defendant used methods, acts, or practices declared unlawful by Section 3 of the UTPCPL and engaged in unfair, fraudulent, and deceptive practices as set forth herein which violated the UTPCPL, specifically, 73 P.S. §201-2(4)(xxi).

97.     The Defendants' representations are and were confusing, misleading, or are and were not substantiated at the time they were made and thus constitute unfair or deceptive acts and practices in violation of 73 P.S. § 201-2(4)(xv) and (xxi).

98.     For the reasons and by the conduct set forth above, the Defendants are liable for their actions, and are jointly and severally liable for the actions of their co-conspirators, for each of these violations as independent, unfair and deceptive acts in violation of the UTPCPL, and for their course of conduct comprising an unfair and deceptive act or practice in violation of the UTPCPL.

**WHEREFORE,** Plaintiff demands that judgment be entered in his favor, and in favor of the Class, and against the Defendants, in an amount to be determined at trial, including but not limited to costs, attorneys' fees, and such other relief deemed just and appropriate by this Court.

**COUNT V**
**PLAINTIFF v. ALL DEFENDANTS**
**NEGLIGENCE AND NEGLIGENT MISREPRESENTATION**

99.     Plaintiff incorporates the allegations within all preceding and following paragraphs within this Complaint as if they were fully set forth herein.

100.     Defendants' acts violate Pennsylvania common law against negligence and negligent misrepresentation.

101.     Plaintiff seeks economic damages which were the foreseeable result of Defendants' intentional and/or unlawful actions and omissions.

102.     In Pennsylvania, to maintain an action in negligence, a plaintiff must establish that the defendant(s): (1) owed a duty of care to the plaintiff, (2) that the defendant failed to perform the duty of care, (3) the failure was the proximate cause of the plaintiff's damages, and (4) the plaintiff sustained an actual loss or injury. All such essential elements exist here.

103.     Each Defendant had a duty to but failed to preserve and maximize shareholder value and to protect the interests of Mallinckrodt's sharcholders.

104.     In violation of that duty, Defendants engaged in a various acts and omissions

28

designed to benefit themselves and their select, preferred interests, securing material benefits for themselves at the expense of Plaintiff and the Class.

105.    Each of the Defendants has breached his or her duty and negligently aided and abetted such breaches by favoring their NewCo's interests and/or their own financial interests over those of Mallinckrodt's existing, public, non-insider shareholders.

106.    As a result, Plaintiff and the other non-public shareholders in the putative Class never received a fair price for their respective shares of Mallinckrodt public stock, were not informed of their rights to protect themselves in advance of the Mallinckrodt bankruptcy and/or the Defendants' conduct, and thus were denied the necessary and material information to protect themselves from the complete loss of their shares and the values of their investments in Mallinckrodt.

107.    The existence of a duty depends on the foreseeability of the injury. Each Defendant owed a duty to Plaintiff and the Class because the injuries alleged herein were foreseeable, and in fact foreseen, by the Defendants.

108.    Reasonably prudent Directors would have anticipated that their actions in diluting Plaintiff and the Class's valuable shares of common stock without notice, and to the tremendous financial benefit of each Defendant, would cause harm.

109.    Defendants' breaches were intentional and/or unlawful, and Defendants' conduct was willful, wanton, malicious, reckless, oppressive and or fraudulent.

110.    The causal connection between the Defendants' breaches of duties and misrepresentations and the ensuing harm was entirely foreseeable.

111.    As described above in language expressly incorporated herein, Defendants' breaches of duty and misrepresentations caused, bear a causal connection with, and/or

29

proximately resulted in the damages sought herein.

WHEREFORE, Plaintiff demands that judgment be entered in its favor, and in favor of the Class, and against the Defendants, in an amount to be determined at trial, including but not limited to costs, attorneys' fees, and such other relief deemed just and appropriate by this Court.

**COUNT VI**
**PLAINTIFF v. ALL DEFENDANTS**
**NEGLIGENCE AND NEGLIGENT MISREPRESENTATION**

112.    Plaintiff incorporates the allegations within all preceding and following paragraphs within this Complaint as if they were fully set forth herein.

113.    Defendants' acts violate Pennsylvania common law against fraud.

114.    By engaging in the acts alleged in this Complaint, Defendants negligently misrepresented, among other things, the value of Mallinckrodt common stock and each of their related acts of deception defrauded the Plaintiff and the Class.

115.    None of the Defendants, doing so in concert with one another and aiding and abetting each other's fraudulent conduct, notified or informed Plaintiff and the Class of their conduct which intentionally diluted Plaintiff and the Class's shares of Mallinckrodt common stock entirely.

116.    Each Defendant intentionally deceived Plaintiff and the Class by withholding information regarding the Defendants' conspiratorial decisions to obliterate the value of the Plaintiff and the Class's common stock in Mallinckrodt and did so for their own benefit and financial gain.

117.    These fraudulent representations were material to the matters at hand because had they known about the Defendants' scheme, the Plaintiff and the Class could have taken action to protect themselves.

30

118.    As a direct and proximate result of each Defendants' conduct, individually and in concert with one another as set forth above, caused substantial harm to Plaintiff and the Class.

**WHEREFORE**, Plaintiff demands that judgment be entered in its favor, and in favor of the Class, and against the Defendants, in an amount to be determined at trial, including but not limited to costs, attorneys' fees, and such other relief deemed just and appropriate by this Court.

**COUNT VII**
**PLAINTIFF v. ALL DEFENDANTS**
**CONSPIRACY TO DEFRAUD/CONCERTED ACTION**

119.    Plaintiff hereby incorporates by reference the allegations within all preceding and following paragraphs within this Complaint as if they were fully set forth herein, and further alleges as follows.

120.    As set forth more fully above, Defendants and other unnamed co-conspirators, between and among themselves and others, knowingly, intentionally and maliciously entered into a scheme and/or otherwise engaged in a continuing conspiracy to defraud and deceive Plaintiff and the Class by the 100% dilution of the Plaintiff's and the Class's shares of common stock which Plaintiff and the Class could not predict and/or mitigate but for the Defendants' conspiracy and concerted actions.

121.    Pursuant to the unfair and deceptive schemes, breaches of their fiduciary duties and fraud, as set forth above, and the conspiracy alleged herein, and in furtherance thereof, Defendants and their co-conspirators engaged in a wide range of activities, the purpose and effect of which was to harm stockholders like Plaintiff and the Class and acted or took substantial steps in furtherance of the conspiracy.

122.    In addition to the specific facts set forth above, it is alleged the Defendants and their co-conspirators engaged in conspiratorial meetings, among the purposes of which meetings were to

discuss the importance of hiding their conduct and scheme from Plaintiff and the Class to whom they owed duties.

123.    Defendants performed the conspiratorial acts set forth herein intending to injure shareholders like Plaintiff and the Class.

124.    Defendants performed the acts alleged herein in furtherance of the common plan or design for the conspiracy with intent and/or with knowledge of the injury and damage it would cause to consumers like Plaintiff and the Class, and with knowledge and intent to cause such injuries and/or with reckless disregard for the consequences.

125.    As a direct and proximate result of the Defendants' conspiracy as alleged herein, Plaintiff and the Class have been injured and damaged, and the Defendants are jointly and severally liable for such injuries and damages.

**WHEREFORE**, Plaintiff demands that judgment be entered in its favor, and in favor of the Class, and against the Defendants, in an amount to be determined at trial, including but not limited to costs, attorneys' fees, and such other relief deemed just and appropriate by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class request the Court to enter the following relief:

a.    Certify this case as a class action, and denominate Plaintiff as an adequate representative for the Class and its undersigned counsel as counsel for the Class;

b.    Declare unlawful the acts and practices alleged herein;

c.    Enter judgment against all Defendants for the violations alleged herein;

d.    Award the actual damages incurred by Plaintiff and the members of the Class as a result of the wrongful acts complained of, along with pre-judgment and post-judgment interest at the maximum rate allowed by law;

e.      Award punitive damages;

f.      Award Plaintiff the costs of this action, including reasonable attorneys'

fees, and, where applicable, expert fees; and

g.      Award such other and further relief as the Court may deem just and

appropriate.

## JURY DEMAND

Plaintiff and the Class demand a trial by jury of all issues so triable in this cause.

Respectfully submitted,

By:     */s/ Donald E. Haviland, Jr.*
        Donald E. Haviland, Jr.
        *haviland@havilandhughes.com*
        William H. Platt, II
        *platt@havilandhughes.com*
        **Haviland Hughes**
        124 South Maple Avenue - Suite 220
        Ambler, PA 19002
        Phone: (215) 609-4661

        *Attorneys for Plaintiff and the Class*

33